UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ISRAEL WOSNER                                  :
                                               :   Case No.:
                                  Plaintiff,   :
                                               :   COMPLAINT
        -  against  -                          :
                                               :
PORTFOLIO RECOVERY ASSOCIATES, LLC             :
                                               :
                                  Defendant.   :
-------------------------------------------------------------- X

ISRAEL WOSNER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York under either is own name or PORTFOLIO RECOVERY ASSOCIATES, LLC.

## PARTIES

5. Plaintiff is an individual who previously resided in New York City, although is currently a residing in London, England, and submits to this Court's jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection law firm with an office located at 120 Corporate Blvd. Norfolk, VA 23502.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Plaintiff opened the subject account in approximately 2013 in Kings County, New York.

13. Plaintiff currently resides in London, England in the United Kingdom. See Tax letter from the UK Revenue & Customs attached hereto as Exhibit 1. See also Plaintiff's Residence Permit and Driver's License attached hereto as Exhibit 2. See also Plaintiff's Electric bill attached hereto as exhibit 3.

14. Despite residing in London, England, the Defendant filed a lawsuit against the Plaintiff in the Civil Court of New York, County of Richmond, for the collection of said debt. See Summon attached hereto as Exhibit 4.

15. Plaintiff has never resided in Richmond County, New York.

16. Furthermore, Defendant and its agent disclosed the debt to the Plaintiff's brother and his family members.

17. Specifically, the address at which the Defendant attempted to serve the Plaintiff was the Plaintiff's brother's address.

18. Upon information and belief, as Plaintiff is not in possession of the Affidavit of Service from the State Court action, Defendant via its process server served the Plaintiff's teenage niece by handing the paper over and abruptly leaving.

19. By the time Plaintiff's niece had a chance to show either skim through the Summons and Complaint or show the document to her parents, the process server was long gone.

20. As a result of Defendant's careless service policies, the debt was disclosed to relatives of the Plaintiff without Plaintiff's consent.

21. Additionally, upon information and belief, Defendant sent collection letters and possibly also made phone calls to the Plaintiff's relatives about the subject account, thereby again disclosing information regarding his debt to others without his consent.

22. Moreover, upon information and belief, as Plaintiff is not in possession of the Affidavit of Service from the State Court action, Defendant falsely represented in said Affidavit of Service that the service address was the usual and customary place of abode, and that the Court should have jurisdiction over the Plaintiff.

23. Plaintiff did not open the consumer debt account in Richmond County, nor did Plaintiff reside in Richmond County, New York at the time of commencement of the action.

24. Plaintiff only found out about the subject account when his brother contacted him telling him that Defendant just dropped off papers at his house and inquired as to how he was going to handle the debt.

25. Furthermore, Plaintiff is fearful that this is a dishonest and sneaky tactic that Defendant has employed in an attempt to frustrate him to travel significant distances to defend herself in the

subject action, forcing him to consider settlement or retain counsel just to get rid of the case due to the great troubles of getting to court, as well as the confusion as to how Plaintiff would be able to practically defend himself when he lives overseas.

26. As a result of Defendant's actions, where Defendant sued Plaintiff in a venue where the Defendant was not legally allowed to sue Plaintiff, Plaintiff was forced to incur attorney's fees and suffered actual damanges.

## Violations of the FDCPA

27. Plaintiff repeats each allegation above as if fully set forth herein.

28. The subject pleadings are a "communication" as defined by 15 U.S.C. § 1692a(2).

29. 15 U.S.C. § 1692i(a)(2) requires a debt collector to either file an action in the judicial district where the consumer signed the contract or where the consumer resided at the commencement of the action.

30. 15 U.S.C. § 1692e preface prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

32. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor.

33. Defendant's filing of this lawsuit in the wrong county is in violation of 15 U.S.C. § 1692i(a)(2), as the Plaintiff neither signed the contract in Richmond County, nor resided at the time of commencement of the action in Richmond County, New York.

34. Defendant violated 15 U.S.C. § 1692e preface by using false, deceptive and misleading representations and means in connection with the collection of this debt via the actions of Defendant described above.

35. Defendant violated 15 U.S.C. § 1692e(10) as the Defendant falsely represented to the New York Courts that the Plaintiff lived in Richmond County, New York and that Plaintiff was properly served with the Summons and Complaint.

36. Furthermore, Defendant violated 15 U.S.C. § 1692e(10) by using the deceptive means of attempting to collect a debt by sending communications to the Plaintiff's relative's home and leaving the Summons and Complaint with the Plaintiff's relative in order to deceptively lead the Plaintiff and the Richmond County Court to conclude that service was effectuated, forcing Plaintiff to handle the case even though Richmond County did not have jurisdication over Plaintiff.

37. Defendant's actions caused the disclosure of her personal debt information to third-parties, in violation of 15 U.S.C. § 1692c(b)., as the Defendant sent collection communications and the summons and complaint directly to the Plaintiff's relatives, or alternatively, that via the Defendant's reckless conduct of sending communications and/or serving the wrong address it directly caused the Plaintiff's debt information to be revealed to third parties.

38. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692i(a)(2), 15 U.S.C. § 1692e preface, 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692c(b).

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

Dated: June 10, 2020

Brooklyn, New York

                                                /s/ Joseph Balisok
                                                Joseph Balisok, Esq.
                                                251 Troy Ave
                                                Brooklyn, NY 11213
                                                Office (718) 928-9607
                                                Fax (718) 534-9747
                                                Joseph@LawBalisok.com
                                                Attorney for Plaintiff